M'DONOUGH, The (JOHNSON v.). See Case No. 7,395.

McDONOUGH (WHITE v.). See Case No. 17,552.

## Case No. 8,776.

### In re McDOWELL.

[6 Biss. 193;[1] 10 N. B. R. 459; 6 Chi. Leg. News, 413.]

District Court, N. D. Illinois. Sept., 1874.

BANKRUPTCY—COMPOSITION MEETING — MISTAKES —SECOND MEETING.

As a general rule a bankrupt should abide by the decision of a composition meeting duly held; but if it clearly appears that the object of the meeting failed by reason of the mistakes or misinstructions of attorneys for creditors, the court may order a second meeting.

In bankruptcy.

1 [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

McClellan & Hodges, for petitioners.
T. S. McClelland, for respondents.

BLODGETT, District Judge. Upon the application of the debtors, an order was made in this case calling a meeting of their creditors, to be held before one of the registers of the court, on the 20th day of August last, for the purpose of considering and acting upon a proposition for a composition. The register reported that the meeting was duly held; that the debtors were in attendance and submitted their proposition to pay thirty cents on the dollar in full satisfaction and discharge of their debts; that the creditors in attendance, represented by their attorneys, were twelve in number, three of whom voted in favor of accepting said proposition, and nine, by their attorneys, voted against accepting the same. The debtors now apply for another meeting, and state in substance, by their petition, that the attorneys who represented the creditors voting against said proposition at said first meeting, did not understand the wishes of their clients, and had not so fully investigated the affairs of the debtors as to be properly advised in the premises. It also appears from the statements of the attorneys who represented said dissenting creditors at said meeting, that certain members of their respective firms had had the matter of this proposed composition specially in charge and were fully informed of the facts, and had determined to vote in favor of the debtors' proposition, but that said members of the attorneys' firms were out of the city at the time the meeting was held, and the partners who attended and represented said creditors, not finding among their papers any instructions from their clients or absent partners, voted pro forma against the proposition.

As a general rule, I think that when a debtor has had a meeting of his creditors duly called and held, and has had his proposition for a settlement duly considered and passed upon, he should abide by the decision then had, and not be permitted to annoy creditors by requiring their attendance at further meetings. But in this case it clearly appears that the object of the meeting failed, by reason of the failure to properly instruct the attorneys who represented the dissenting creditors, and I shall therefore direct another meeting to be called for the purpose of again considering and acting upon the debtors' offer for a composition.

While, as I said before, I would not allow a practice which would vex creditors with meetings after they had intelligently acted upon a debtor's offer, yet I think the court should afford all proper facilities for correcting mistakes, or enabling the parties most interested to carry out their wishes in the premises. Here both the debtor and the dissenting creditors are willing a second meeting should be called, and I can see no valid reason why it should not be done.